**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

JOSEPHINE ROMAN,

        Plaintiff,

vs.                                                    Case No. 3:13-cv-932-J-JRK

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

        Defendant.
_____/

## **OPINION AND ORDER**[1]

### **I. Status**

Josephine Roman ("Plaintiff") is appealing the Commissioner of the Social Security Administration's final decision denying her claim for supplemental security income ("SSI"). The claim was filed in 2007, and at that time, Plaintiff alleged disability based on the effects of vertigo and asthma. Transcript of Administrative Proceedings (Doc. No. 13; "Tr." or "administrative transcript"), filed November 14, 2013, at 211. As explained in more detail below, the claim was pending for about five and one-half years before the instant appeal was taken; during that time, Plaintiff's complaints have expanded to also include, inter alia, numbness in her leg, tingling in her hand, and back problems. See, e.g., Tr. at 567. The relevant history follows.

On November 30, 2007, Plaintiff filed an application for SSI, Tr. at 184-86, in which she alleged an onset disability date of March 1, 2006, Tr. at 184. Plaintiff's application was

---

[1] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (Doc. No. 14), filed November 14, 2013; Reference Order (Doc. No. 16), signed November 15, 2013 and entered November 18, 2013.

denied initially, see Tr. at 63-64, 69-71, and was denied upon reconsideration, see Tr. at 65-66, 72-73.

On October 13, 2010, an Administrative Law Judge ("ALJ") held a hearing at which Plaintiff, who was represented by counsel, and a vocational expert ("VE") testified.[2]  Tr. at 35-57.  The ALJ then held another hearing on May 12, 2010, during which Plaintiff was not present (but her counsel was) and the ALJ heard further testimony from another VE.  Tr. at 58-62.  The ALJ then issued a decision on November 10, 2010, Tr. at 17-26, 590-99 (duplicate), finding Plaintiff not disabled "since November 30, 2007, the date the application was filed," Tr. at 25 (emphasis omitted), 598 (emphasis omitted) (duplicate).  The Appeals Council denied Plaintiff's request for review, Tr. at 1-3, 604-06 (duplicate), thereby making the ALJ's decision the final decision of the Commissioner.  Plaintiff appealed that final decision to this Court.  See Compl. (Doc. No. 1), No. 3:11-cv-211-J-JBT (M.D. Fla. Mar. 7, 2011).  The Honorable Joel B. Toomey, United States Magistrate Judge, entered an Order on February 9, 2012, reversing the Commissioner's final decision and remanding the case with instructions.[3]  Tr. at 613-19, 627-28 (Judgment); see also Order (Doc. No. 25), No. 3:11-cv-211-J-JBT (M.D. Fla. entered Feb. 9, 2012).

Consistent with Judge Toomey's Order, on March 14, 2012, the Appeals Council entered an order remanding Plaintiff's claim to the ALJ for further proceedings.  Tr. at 560,

---

[2]  The ALJ had originally convened a hearing on November 13, 2009 that was continued so Plaintiff could undergo a psychological consultative evaluation.  Tr. at 31-34.

[3]  Specifically, the ALJ was directed on remand to repose a complete hypothetical to a VE; consider and address all of Plaintiff's impairments in assessing her RFC; reconsider all of Dr. Anderton's opinions; reevaluate Plaintiff's RFC and determine what type of work she can perform, if any; and conduct any further proceedings deemed appropriate.  Tr. at 618; see also Order (Doc. No. 25), No. 3:11-cv-211-J-JBT (M.D. Fla. entered Feb. 9, 2012) at 6.

611 (duplicate). As directed by Judge Toomey and the Appeals Council, the same ALJ who issued the initial decision on Plaintiff's claim held another hearing on February 22, 2013, during which Plaintiff, who was represented by counsel, and a VE testified. Tr. at 562-86. At the time of the hearing, Plaintiff was fifty-two (52) years old. Tr. at 564 (indicating Plaintiff's date of birth). The ALJ issued another decision (the "Decision") on April 8, 2013, Tr. at 540-51, finding Plaintiff not disabled "since November 30, 2007, the date the application was filed," Tr. at 551 (emphasis and citation omitted). Because the Decision was not appealed to or reviewed by the Appeals Council, it became the final Decision of the Commissioner. On August 2, 2013, Plaintiff commenced this action under 42 U.S.C. § 405(g), as incorporated by § 1383(c)(3), by timely filing a Complaint (Doc. No. 1), seeking judicial review of the Commissioner's final decision.

Plaintiff raises two issues on appeal, both of which address the ALJ's handling of the various medical opinions. See Plaintiff's Brief (Doc. No. 21; "Pl.'s Br."), filed February 13, 2014, at 1. On April 8, 2014, Defendant filed a responsive memorandum. See Memorandum in Support of the Commissioner's Decision (Doc. No. 22; "Def.'s Mem."). After a thorough review of the entire record and consideration of the parties' respective memoranda, the undersigned finds that the Commissioner's final decision is due to be reversed and remanded for further proceedings.

## **II.  The ALJ's Decision**

When determining whether an individual is disabled,[4] an ALJ must follow the five-step sequential inquiry set forth in the Code of Federal Regulations ("Regulations"), determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. §§ 404.1520, 416.920; see also Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004).  The claimant bears the burden of persuasion through step four and, at step five, the burden shifts to the Commissioner.  Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step sequential inquiry.  See Tr. at 542-51.  At step one, the ALJ observed that Plaintiff "has not engaged in substantial gainful activity since November 30, 2007, the application date." Tr. at 542 (emphasis and citation omitted).  At step two, the ALJ found that Plaintiff "has the following severe impairments: asthma, obesity, peripheral neuropathy, inner ear disorder resulting in vertigo, and legally blind in right eye." Tr. at 542 (emphasis and citation omitted). At step three, the ALJ ascertained Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Tr.

---

[4]   "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]"  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

at 542 (emphasis and citation omitted). The ALJ determined that Plaintiff has the following residual functional capacity ("RFC"):

> [Plaintiff can] perform light work as defined in 20 CFR [§] 416.967(b) except she should avoid climbing ladders, ropes, and scaffolds, work around unprotected heights, and concentrated or excessive exposure to fumes, dust, or humidity. She should avoid crawling but can occasionally kneel and crouch. She has no use of her right eye and she has best corrected vision of 20/30 for far vision and J/3 for near vision in her left eye. J/3 means the individual could read 6-point type at a distance of 14 inches. She is essentially blind in her right eye and has limitations in near depth perception in her left eye so as to make threading a needle very difficult to impossible.

Tr. at 544 (emphasis omitted).

At step four, the ALJ found that Plaintiff "is unable to perform any past relevant work" as a "child care provider." Tr. at 549 (some emphasis and citation omitted). After considering Plaintiff's age (forty-seven years old when the application was filed), education ("limited education"), work experience, and RFC, the ALJ found at step five that "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform." Tr. at 550 (citations omitted). Relying on the testimony of the VE, the ALJ determined Plaintiff can perform representative jobs such as "Warehouse Checker"; "Dining Room Attendant"; and "Mail Clerk[.]" Tr. at 550. The ALJ concluded that Plaintiff "has not been under a disability . . . since November 30, 2007, the date the application was filed." Tr. at 551 (emphasis and citation omitted).

### III.  Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence' . . . ."

Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)).  "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)).  The substantial evidence standard is met when there is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)).  It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (internal quotation and citations omitted); see also McRoberts v. Bowen, 841 F.2d 1077, 1080 (11th Cir. 1988); Walker v. Bowen, 826 F.2d 996, 999 (11th Cir. 1987).  The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence–even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

### IV. Discussion

As noted above, Plaintiff raises two issues on appeal, both of which deal with the ALJ's treatment of medical opinions.  Therefore, the issues are discussed together.

The relevant opinions in the administrative transcript are as follows: (1) a February 18, 2008 opinion by H. Tran, M.D., a consultative examiner, see Tr. at 367-73; (2) an August 19, 2008 opinion by Lynn Harper-Nimock, M.D., a consultative examiner, see Tr. at 411-16; (3) opinions dated October 30, 2009, October 11, 2010, and February 18, 2013 by Lily S. Rocha, M.D., J.D., a three-time consultative examiner, see Tr. at 444-50, 528-36, 809-16;

and (4) a February 19, 2013 opinion by Rene Pulido, M.D., a treating physician, see Tr. at 818-22.[5] Drs. Tran and Harper-Nimock imposed limitations that do not preclude all work, while Drs. Rocha and Pulido imposed limitations that would certainly preclude work identified by the ALJ that Plaintiff can perform (and possibly all work).  The ALJ discounted the opinions of Drs. Rocha and Pulido, while relying on the opinions of Drs. Tran and Harper-Nimock.  Tr. at 548-49.

Plaintiff contends that the ALJ "failed to articulate adequate reasoning for not crediting" the opinions of Drs. Rocha and Pulido, Pl.'s Br. at 13 (emphasis omitted), and that the ALJ inappropriately relied on the outdated opinions of Drs. Tran and Harper-Nimock to the exclusion of the more recent opinions of Drs. Rocha and Pulido, id. at 21-25.  Defendant responds by asserting that the ALJ's reasons for discounting the opinions of Drs. Rocha and Pulido are adequate and supported by substantial evidence, Def.'s Mem. at 5-14, and that the ALJ appropriately relied on the opinions of Drs. Tran and Harper-Nimock, id. at 14-16.

The Regulations establish a "hierarchy" among medical opinions[6] that provides a framework for determining the weight afforded each medical opinion: "[g]enerally, the opinions of examining physicians are given more weight than those of non-examining

---

[5] There is also a November 15, 2012 "Verification of Disability" form contained in the administrative transcript in which Dr. Pulido checked a box contending that Plaintiff is disabled in connection with Plaintiff's application for public housing. Tr. at 750. The ALJ appropriately observed that the ultimate question of disability is reserved to the Administration, and accordingly, this particular form was "given no weight" by the ALJ.  Tr. at 548.

[6] "Medical opinions are statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of [a claimant's] impairment(s), including [the claimant's] symptoms, diagnosis and prognosis, what [the claimant] can still do despite impairment(s), and [the claimant's] physical or mental restrictions." 20 C.F.R. § 404.1527(a)(2); see also 20 C.F.R. § 404.1513(a) (defining "[a]cceptable medical sources").

-7-

physicians[;] treating physicians['[7] opinions] are given more weight than [nontreating physicians;] and the opinions of specialists are given more weight on issues within the area of expertise than those of non-specialists." McNamee v. Soc. Sec. Admin., 164 F. App'x 919, 923 (11th Cir. 2006) (citing 20 C.F.R. § 404.1527(d)(1), (2), (5)). The following factors are relevant in determining the weight to be given to a physician's opinion: (1) the "[l]ength of the treatment relationship and the frequency of examination"; (2) the "[n]ature and extent of [any] treatment relationship"; (3) "[s]upportability"; (4) "[c]onsistency" with other medical evidence in the record; and (5) "[s]pecialization." 20 C.F.R. §§ 404.1527(d)(2)-(5), 416.927(d)(2)-(5); see also 20 C.F.R. §§ 404.1527(e), 416.927(f).

With regard to a treating physician, the Regulations instruct ALJs how to properly weigh such a medical opinion. See 20 C.F.R. § 404.1527(c). Because treating physicians "are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s)," a treating physician's medical opinion is to be afforded controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence" in the record. Id. When a treating physician's medical opinion is not due controlling weight, the ALJ must determine the appropriate weight it should be given by considering the factors identified above (the length of treatment, the frequency of examination, the nature and extent

---

[7] A treating physician is a physician who provides medical treatment or evaluation to the claimant and who has, or has had, an ongoing treatment relationship with the claimant, as established by medical evidence showing that the claimant sees or has seen the physician with a frequency consistent with accepted medical practice for the type of treatment and/or evaluation required for the medical condition. See 20 C.F.R. § 404.1502.

-8-

of the treatment relationship, as well as the supportability of the opinion, its consistency with the other evidence, and the specialization of the physician). Id.

If an ALJ concludes the medical opinion of a treating physician should be given less than substantial or considerable weight, he or she must clearly articulate reasons showing "good cause" for discounting it. Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997). Good cause exists when (1) the opinion is not bolstered by the evidence; (2) the evidence supports a contrary finding; or (3) the opinion is conclusory or inconsistent with the treating physician's own medical records. Phillips, 357 F.3d at 1240-41; see also Edwards v. Sullivan, 937 F.2d 580, 583-84 (11th Cir. 1991); Schnorr v. Bowen, 816 F.2d 578, 582 (11th Cir. 1987) (stating that a treating physician's medical opinion may be discounted when it is not accompanied by objective medical evidence).

An examining physician's opinion, on the other hand, is not entitled to deference. See McSwain v. Bowen, 814 F.2d 617, 619 (11th Cir. 1987) (per curiam) (citing Gibson v. Heckler, 779 F.2d 619, 623 (11th Cir. 1986)); see also Crawford, 363 F.3d at 1160 (citation omitted). An ALJ is required to consider every medical opinion. See 20 C.F.R. §§ 404.1527(d), 416.927(d) (stating that "[r]egardless of its source, we will evaluate every medical opinion we receive"). While "the ALJ is free to reject the opinion of any physician when the evidence supports a contrary conclusion," Oldham v. Schweiker, 660 F.2d 1078, 1084 (5th Cir. Unit B 1981) (citation omitted); see also 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2), "the ALJ must state with particularity the weight given to different medical opinions and the reasons therefor," Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1179 (11th Cir. 2011) (citing Sharfarz v. Bowen, 825 F.2d 278, 279 (11th Cir.1987)); see also

Moore v. Barnhart, 405 F.3d 1208, 1212 (11th Cir. 2005); Lewis, 125 F.3d at 1440. "'In the absence of such a statement, it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence.'" Winschel, 631 F.3d at 1179 (quoting Cowart v. Schweiker, 662 F.2d 731, 735 (11th Cir. 1981)). "[W]hen the ALJ fails to 'state with at least some measure of clarity the grounds for his decision,'" the decision will not be affirmed "'simply because some rationale might have supported the ALJ's conclusion.'" Id. (quoting Owens v. Heckler, 748 F.2d 1511, 1516 (11th Cir. 1984) (per curiam)).

Here, as previously summarized, the ALJ discounted the opinions of the three-time (2009, 2010, and 2013) consultative examining physician, Dr. Rocha, and the 2013 opinion of the treating physician, Dr. Pulido. Tr. at 548-49. The ALJ elected to rely instead on the opinions of Drs. Tran and Harper-Nimock, who both examined Plaintiff in 2008. Tr. at 548. The ALJ reasoned as follows:

> [S]ignificant weight is given to the opinions/findings of Drs. Tran, and [Harper-]Nimock as they are consistent with the other objective evidence of record and not inconsistent with any other opinion, other than Dr. Rocha's opinion. Dr. Rocha's opinion is given little to no weight as she only evaluated [Plaintiff] on 1 or 2 occasions and her findings are not consistent with the objective medical evidence of record but appear to be from reports by [Plaintiff] regarding her history.

Tr. at 548. The ALJ then went on to discuss the treatment notes and opinion of Dr. Pulido and assigned his opinion "little to no weight" due to its alleged "inconsisten[cy] with his own treatment records and other objective evidence of record." Tr. at 548.

The ALJ's reasons for relying on the 2008 examining opinions of Drs. Tran and Harper-Nimock over the more recent opinions of Drs. Rocha and Pulido are not supported

by substantial evidence. First, the ALJ erroneously stated that Drs. Tran and Harper-Nimock's opinions "are not inconsistent with any other opinion, other than Dr. Rocha's opinion," Tr. at 548, when in fact, the opinions also conflict with Dr. Pulido's treating opinion, compare Tr. at 367-73 (Dr. Tran) and Tr. at 411-16 (Dr. Harper-Nimock), with Tr. at 818-22 (Dr. Pulido). Second, the ALJ erroneously stated that Dr. Rocha "only evaluated [Plaintiff] on 1 or 2 occasions," Tr. at 548, when in fact, Dr. Rocha evaluated Plaintiff on three occasions and offered detailed assessments after each, Tr. at 444-50, 528-36, 809-16. Third, the ALJ observed that Dr. Rocha's findings "appear to be from reports by [Plaintiff] regarding her history," Tr. at 548, when in fact, Dr. Rocha reviewed Plaintiff's medical records prior to each examination and also made a number of objective findings, Tr. at 445, 529, 809-10. Further, it is evident that Dr. Rocha did not accept all of Plaintiff's subjective reports. See, e.g., Tr. at 444-45 (noting that Plaintiff claimed to have poor vision, including complete blindness in one eye, but observing that "this patient does not have trouble getting up from the exam table [or] getting on the exam table due to poor vision" and "[s]he does not bump into furniture or walls"), 528 (noting that Plaintiff claimed "to have worsening of vertigo" but observing that Plaintiff "no longer has to use a cane").

Fourth and finally, according to the ALJ, Drs. Tran and Harper-Nimock's opinions are consistent with the objective medical evidence, while Drs. Rocha and Pulido's are not. Tr. at 548. Drs. Tran and Harper-Nimock's opinions, however, were authored about five years prior to the ALJ's Decision and almost five years prior to the most recent Rocha opinion and the Pulido opinion. Although the age of the opinions does not automatically translate into them being inconsistent with the balance of the evidence, the ALJ's finding of consistency

is not supported by substantial evidence. For example, even the older opinions themselves are inconsistent with each other regarding Plaintiff's spinal issues. Compare Tr. at 369 ("[n]ormal"), with Tr. at 412 ("decreased flexion" and other decreased movement). And, they are both inconsistent with Dr. Rocha's February 2013 objective findings of "completely absent" range of motion of the lumbar spine, Tr. at 809-10, which is corroborated by Dr. Pulido's February 2013 statement that Plaintiff suffers from back pain ranging in the eight out of ten range, Tr. at 818. For all of the foregoing reasons, the ALJ's findings related to the medical opinions are not supported by substantial evidence and remand is required for further consideration of them.[8]

## V. Conclusion

After due consideration, it is

**ORDERED:**

1. The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g), as incorporated by § 1383(c)(3), **REVERSING** the Commissioner's final decision and **REMANDING** this matter with the following instructions:

> (A) Reevaluate the medical opinions of record, especially the opinions of Drs. Tran, Harper-Nimock, Rocha, and Pulido, and state with particularity the weight assigned to them and the reasons therefor; and
>
> (B) Take such other action as may be necessary to resolve this claim properly.

---

[8] Plaintiff asks for this Court to award benefits, or alternatively to reverse and remand the matter for further proceedings. See Pl.'s Br. at 25. For the reasons stated in Defendant's Memorandum, the Court declines to award benefits and instead finds the proper course is to remand the matter for further consideration. See Def.'s Mem. at 16.

2.	The Clerk is further directed to close the file.

3.	In the event benefits are awarded on remand, Plaintiff's counsel shall ensure that any § 406(b)/§ 1383(d)(2) fee application be filed within the parameters set forth by the Order entered in Case No. 6:12-mc-124-Orl-22 (In Re: Procedures for Applying for Attorney's Fees Under 42 U.S.C. §§ 406(b) and 1383(d)(2)).

**DONE AND ORDERED** at Jacksonville, Florida on September 30, 2014.

_____
JAMES R. KLINDT
United States Magistrate Judge

kaw
Copies to:
Counsel of Record